UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:17-cr-109-DJH

ALAA AL JEBORI, Defendant.

\* \* \* \* \*

## ORDER

This matter came before the Court for sentencing on March 7, 2019. On the record and with the agreement of the parties, the Court concluded that the typographical error in Count 1 of the Indictment—i.e., citation to 21 U.S.C. § 841(b)(1)(A), as opposed to § 841(b)(1)(C)—was without consequence to the Court's sentencing determination or the defendant's knowing guilty plea. The penalty page correctly stated the penalty pursuant to § 841(b)(1)(C). In any event, the three counts grouped for sentencing purposes, with Count 3 being the operative offense.

"Although the general rule is that an indictment may only be amended by the grand jury, federal courts allow amendments when 'the change is merely a matter of form,'" such as "correction[] of clerical or typographical errors" like the one at issue here. *United States v. Rosenbaum*, 628 F. App'x 923, 929 (6th Cir. 2015) (quoting *Russell v. United States*, 369 U.S. 749, 770 (1962)). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the Indictment (Docket No. 1) is **AMENDED** to reflect that Count 1 charges a violation of "Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)."

March 7, 2019

**David J. Hale, Judge**
**United States District Court**